UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JEFFREY DEWALT,
        Plaintiff,

        v.                          12-CV-2023

JOHN DOE,
        Defendant.

OPINION

Before the Court is Plaintiff's Motion for Extension of Time [3] to file a Complaint.  On January 27, 2012, the Clerk of the Court received Plaintiff's letter addressed to the Honorable Harold A. Baker wherein Plaintiff complains about the "soy diet" served at his place of incarceration.  In his letter, he asked the Court to appoint "someone" whom Plaintiff could consult with concerning his ongoing problems he believes are caused by the "soy diet."  Plaintiff also asked to join the "soy diet" class action lawsuit.  On January 27, 2012, the Clerk of the Court mailed a letter to the Plaintiff advising him that the <u>Harris v. Brown, et al</u>. 07-cv-3225 is not a class action case, and he therefore could not join the action.

As Plaintiff's letter requested action by the Court, a lawsuit was opened for him, but Plaintiff had not named any defendants.  Therefore, in its January 27, 2012 Order, the Court advised Plaintiff that if he wished to proceed with a lawsuit regarding the "ongoing problems" he believes are caused by the "soy diet," then he must file a Complaint naming the defendant(s).  Plaintiff was allowed 21 days to file the Complaint.  Rather than file a Complaint and name the defendant(s), Plaintiff filed a Motion for Extension of Time [3].  In his motion, Plaintiff asks the Court to vacate the 21-day deadline to file his

Complaint while he exhausts his administrative remedies regarding the soy diet. Plaintiff has admitted that he has not exhausted the administrative remedies prior to bringing this action. The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies <u>before</u> filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)("[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted."); <u>Massey v. Wheeler</u>, 221 F.3d 1030, 1034 (7th Cir. 2000); <u>Perez v. Wisconsin Dept of Corrections</u>, 182 F.3d 532, 535-38 (7th Cir. 1999). Failure to exhaust administrative remedies is an affirmative defense, but as with any affirmative defense, dismissal on the pleadings for failure to exhaust is appropriate if it is "apparent from the complaint itself" and "unmistakable" that exhaustion did not occur. It is apparent from Plaintiff's motion [3] that he has not exhausted administrative remedies.

Plaintiff is advised that on this one occasion, the Court will not require him to pay the filing fee. However, he is also advised that ordinarily, the Prison Litigation Reform Act requires that all prisoners bringing civil actions pay the full amount of the filing fee. 28 U.S.C.A. § 1915(b)(1).

It is ordered:

1.  Pursuant to 42 U.S.C. § 1997e(a), this lawsuit is terminated in its entirety, without prejudice.
2.  The $350 filing fee shall not be accessed in this case.

Enter this 13th day of February 2012.

/s/ Michael P. McCuskey
_____
Michael P. McCuskey
Chief United States District Judge

2